

| Department of Justice | Ministère de la Justice |
|---|---|
| Canada | Canada |

International Assistance Group
284 Wellington Street, EMB-2nd floor
Ottawa, Ontario
K1A 0H8

Telephone: 613-957-4769
Facsimile: 613-957-8412

January 22, 2013

**BY E-MAIL**

Mr. Jeffrey Olson
Office of International Affairs
U.S. Department of Justice
800 – 1301 New York Avenue
N.W. Washington
DC 20005
U.S.A.

Dear Mr. Olson:

I understand that a United States District Court judge is currently considering an application for bail brought by a Canadian defendant in a criminal proceeding and this has raised two questions, namely, (1) whether Canada could execute a United States order to forfeit Canadian property pledged as security for bail and (2) if a person extradited from Canada and facing prosecution in the United States is granted bail and permitted to return to Canada in exchange for signing a document agreeing to waive extradition, would that waiver be effective so as to deny the person the right to challenge his/her extradition from Canada.

With respect to the first question, pursuant to section 9.4 of the *Mutual Legal Assistance in Criminal Matters Act,* Canada can enforce foreign forfeiture orders that involve offence related property or the proceeds of crime. An order of estreatment made against a surety named in a foreign bail order is neither and would not appear to fall within the enforcement authority of the *Mutual Legal Assistance in Criminal Matters Act.*

With respect to the second question, the *Extradition Act*, S.C. 1999, c. 18, provides the domestic legal framework for extradition to and from Canada. The *Extradition Act* contemplates four types of proceedings which can take place before an extradition judge in Canada. All four types of proceedings may only be resorted to by a person whose extradition is being sought from Canada and only after the person has been arrested or summoned to Court pursuant to proceedings under the *Extradition Act*, in furtherance of an extradition request, or provisional arrest request made to Canada by a foreign state or entity.

Section 29 of the *Extradition Act* provides for a hearing at which the extradition judge will assess the sufficiency of the evidence, and the person sought for extradition will have the right to contest committal for extradition. There is nothing in the *Extradition Act,* and we are aware of no case, where a person who wished to have an extradition hearing has been denied one.

The *Extradition Act* does provide for waivers in specific circumstances set out in sections 70, 71 and 72:

> Section 70 – the person sought may consent to committal for extradition. In doing so, the person sought concedes the sufficiency of the evidence but maintains the right to make submissions to the Minister of Justice on surrender.
>
> Section 71 – the person sought may consent to being surrendered. In doing so, the person sought gives up his right under the *Extradition Act* to an extradition hearing and to make submissions to the Minister of Justice on surrender but maintains the protection of specialty.
>
> Section 72 – the person waives his right under the *Extradition Act* and foregoes the protection of specialty.

Proceedings under sections 70 and 71, require the consent of the person to be made in writing before the extradition judge. Similarly, the *Extradition Act* requires that a waiver under section 72 be in writing and before an extradition judge. The *Extradition Act* also requires the judge to inquire whether the person before the court understands the consequences of the waiver.

In our view, a waiver or consent to extradition entered into before a foreign court would not satisfy the requirements of the *Extradition Act*, which requires a fresh consent or waiver before an extradition judge after extradition proceedings have been commenced.

We have also considered whether a person who returned to Canada from the United States on bail could on his/her own initiative appear before a Canadian judge to waive extradition.

The *Extradition Act* makes no provision for this. An extradition court is a statutory court. Unless a fresh request for extradition has been received by Canada and approved by the Minister of Justice, the court has no jurisdiction.

Finally, Canada could not rely on the Order of Surrender to remove a person from Canada, who has previously been surrendered for extradition. The United States would have to make a new request for extradition.

We trust that this information is of assistance to you.

Yours truly,

Barbara Kothe, A/ Associate Director and General Counsel
International Assistance Group
Litigation Branch, Criminal Law Division

BK/la