ANDREW M. LEAVITT, ESQ.
Nevada Bar #3989
ROBERT F. PURDY, ESQ.
Nevada Bar #6097
Law Office of Andrew M. Leavitt, Esq.
633 South Seventh Street
Las Vegas, Nevada 89101
(702) 382-2800
Attorney for Defendant,
**MICHAEL BLUMENTHAL**

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) 2:14-CR-00207-LDG-VCF-1 |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| MICHAEL BLUMENTHAL | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

### MOTION TO MODIFY DEFENDANT'S PRE-TRIAL RELEASE CONDITIONS

COMES NOW, the above named Defendant, MICHAEL BLUMENTHAL, by and through his undersigned attorneys, ANDREW M. LEAVITT, ESQ., and ROBERT F. PURDY, ESQ., of the Law Office of Andrew M. Leavitt, Esq. and hereby moves this Court for an Order modifying Defendant's pretrial release conditions to allow Defendant to transfer his pretrial release to New Jersey or Florida. This Motion is made and based upon the points and authorities attached hereto, the pleadings and papers on file herein and

//

//

//

ANDREW M. LEAVITT
ATTORNEY AT LAW
633 South Seventh Street
Las Vegas, Nevada 89101
Tel.: (702) 382-2800
Fax: (702) 382-7438

1

upon such further evidence which may be presented at the hearing of this Motion.

DATED this 28th day of October, 2014.

Law Office of
ANDREW M. LEAVITT, ESQ.


/s/ Andrew M. Leavitt
/s/ Robert F. Purdy
_____
ANDREW M. LEAVITT, ESQ.
Nevada Bar # 3989
ROBERT F. PURDY, ESQ.
Nevada Bar # 6097
633 South Seventh Street
Las Vegas, Nevada 89101

## POINTS AND AUTHORITIES

## STATEMENT OF FACTS

The Defendant, Michael Blumenthal was arrested in the present case on June 22, 2014 while attempting to lawfully enter the United States from Canada with his wife and two small children ages four and two. At the time of the arrest, Mr. Blumenthal and his wife were traveling to Sesame Place, an amusement park in Pennsylvania with their two children.

At the time of his arrest, Mr. Blumenthal was a resident of a suburb on Montreal, Quebec. As a result of his mother's United States citizenship, Michael was born and remains a duel citizen of both the United States and Canada. Mr. Blumenthal and his wife have been married for over six years and have two small children, Cooper, age four and one-half, and Harper, age two and one-half years.

In the present case, Mr. Blumenthal was indicted on June 17, 2014 on charges alleging conspiracy, mail fraud, wire fraud and engaging in monetary transaction derived from unlawful activity. The allegations arise from a failed

business venture that proposed and attempted to provide remote medical imaging services.

After his arrest, Mr. Blumenthal was transported to Las Vegas to be arraigned on the present charges where he was also interviewed by Pretrial Services. On July 15, 2014, a detention hearing was held before the Honorable Magistrate Judge Carl W. Hoffman. At the July 15, 2014 detention hearing, present on behalf of Mr. Blumenthal were his wife, father and mother, who all flew in from Canada and his uncle, Dr. Lanny Katz, who flew in from Bloomfield, New Jersey. Prior to the hearing, Pretrial Services recommended that it was appropriate for Mr. Blumenthal to be granted pretrial release with conditions that included him residing with his uncle, Dr. Lanny Katz, in Bloomfield, New Jersey. At the July 15, 2014, Dr. Katz agreed to be responsible for maintaining personal supervision over Mr. Blumenthal and assisting Mr. Blumenthal to comply with all release conditions set by the court. Magistrate Judge Hoffman considered all of the party's arguments at the detention hearing, which originally was held on July 15, 2014, but was continued for further proceedings on July 17, 18 and July 21, 2014.

After thoroughly reviewing Pretrial Services' Report and listening to arguments from defense counsel and the Government on four separate days, Magistrate Carl Hoffman released Mr. Blumenthal with the following conditions:

1. Pretrial Services Supervision;
2. That the Defendant reside with his uncle **in New Jersey**;
3. That the Defendant's uncle, Lanny Katz be responsible for maintaining personal supervision over Michael and mandating compliance with pretrial services' conditions (this court should note that Lanny Katz was present in court and agreed to be responsible over Michael in mandating compliance);
4. That cash bonds be posted in the amount of $25,000.00 and $10,000.00; (the cash bond amounts were later increased and posted in the amounts of $50,000.00 and $10,000.00.)
5. That Mr. Blumenthal be subject to GPS monitoring;

Andrew M. Leavitt
ATTORNEY AT LAW
633 South Seventh Street
Las Vegas, Nevada 89101
Tel.: (702) 382-2800
Fax: (702) 382-7438

3

6.    That Mr. Blumenthal's travel be restricted to New Jersey and Clark County for work and court purposes only;
7.    That Mr. Blumenthal surrender his passports;
8.    No contact with any alleged victims;

The government requested and received a stay of the Magistrate Judge's release order and filed an appeal of the Order that was heard by the Honorable Judge Lloyd D. George. After hearing and briefing the matter, this honorable court ordered Mr. Blumenthal released pending the trial with conditions, among others, that Mr. Blumenthal be restricted to reside in a half way house in Las Vegas, work full time, be on house arrest, submit to Global Positioning Satellite (GPS) monitoring and post a $60,000.00 cash bond.

Mr. Blumenthal has no family in Las Vegas and has not seen his two young children in over four months, since his arrest on June 22, 2014. His wife and children reside in a suburb of the City of Montreal, Quebec, Canada. Unfortunately, Mr. Blumenthal and his wife do not possess the financial resources for his wife and two small children to fly to Las Vegas and to stay in a hotel in Las Vegas to allow for Mr. Blumenthal to see his family.

In briefing and at the detention hearings, the Government adamantly opposed Mr. Blumenthal's pretrial release in any manner and contended that he should remain in custody pending trial. Specifically, the government was certain that if released, Mr. Blumenthal was going to abscond and return to Canada and not come back.

On August 1st and 4th, 2014, a two cash bonds totaling $60,000.00 were posted with this Court by the Blumenthal family - $10,000.00 by Uncle Dr. Lanny Katz and $50,000.00 by Michael's father, Mr. Alec Blumenthal. Michael Blumenthal was released to the halfway house on August 5, 2014. In the two and

4

one-half months since his release, Mr. Blumenthal has been a model resident of the halfway house and has not presented any problems for Pretrial Services. Mr. Blumenthal works full time, complies with all house arrests terms and conditions, has not violated any rules of the halfway house and is in full compliance with his pretrial release conditions. Further, Mr. Blumenthal has not, nor will he, leave the jurisdiction nor attempted to flee from these proceedings in any manner. When Mr. Blumenthal was arrested, he cooperated 100% with authorities and gave a detailed proffer prior to being transferred to Las Vegas.

Mr. Blumenthal has proven he is not a flight risk by his conduct over the past two and one-half months while on pretrial release in Las Vegas. Mr. Blumenthal greatly desires to transfer his pretrial release to New Jersey or Florida. Mr. Blumenthal does not oppose and will fully comply with any and all of the other present conditions of his pretrial release, such as house arrest, GPS monitoring, but requests that he be allowed to live in New Jersey, or Florida, if New Jersey is not acceptable to the Court.

The government may argue that New Jersey is too close to Canada, thereby posting a greater flight risk for Mr. Blumenthal. First of all, Mr. Blumenthal would never flee from these case proceedings. He will fully participate and abide by all rules and conditions of his pre-trial release as he has done for the past two and one-half months. Bloomfield, New Jersey is approximately a six hour drive from the Canadian Border. The Deerfield Beach, Florida residence is actually farther from the Canadian Border than Las Vegas is to its closest Canadian Border. For example, it is approximately 1,100 miles directly north to the Canadian Border from Las Vegas. By contrast, the Canadian Border is 1,400 miles from Deerfield Beach, Florida. Regardless, Mr. Blumenthal will not flee from justice. However, if

ANDREW M. LEAVITT
ATTORNEY AT LAW
633 South Seventh Street
Las Vegas, Nevada 89101
Tel.: (702) 382-2800
Fax: (702) 382-7438

5

this Court is concerned that New Jersey is too close to the Canadian Border, it is respectfully requested that the court allow Mr. Blumenthal to transfer his pre-trial release to Deerfield Beach, Florida. However, New Jersey is preferred in that it would provide greater access for Mr. Blumenthal to see his family and also is preferred for work purposes.

As indicated above, Mr. Blumenthal has an uncle and aunt, Dr. Lanny and Mrs. Susan Katz, who have agreed to allow Mr. Blumenthal to reside with him in Bloomfield, New Jersey. In court on July 15, 2014 Magistrate Hoffman personally spoke to Dr. Katz and approved Dr. Katz' home as an appropriate residence for Mr. Blumenthal to reside on house arrest pending trial. If located in New Jersey, Mr. Blumenthal's family will be within a six hour driving distance to come visit him on a regular basis.

Prior to his arrest, Mr. Blumenthal was the primary caretaker for their two small children. Every night, it was Mr. Blumenthal who read to his son, Cooper, every to get him to fall asleep. He was a hands on father and his absence from his small children and wife is adversely affecting his family and, most importantly, the young children.

Alternatively, Mr. Blumenthal's mother, Mrs. Phyllis Lazar, owns a condominium in Deerfield Beach, Florida. Mr. Blumenthal is willing to live and reside in Florida, with all the same present pre-trial release conditions, if this court feels that the Florida is a better and more suitable place for Mr. Blumenthal to reside. Florida is more accessible and cheaper to fly to by airplane than Las Vegas for Mr. Blumenthal's wife and two small children to visit. In Florida, the family could all stay in the condominium and would not incur the expense of having to pay for a hotel during the visits as would be necessary for them to visit Mr. Blumenthal

6

in Las Vegas. As a result, Mr. Blumenthal's family could take extended visits to Florida (or New Jersey), making it affordable and practicable for Mr. Blumenthal to see his family.

From 2011 to the present, Mr. Blumenthal has worked at TQ Knits, Inc., a company owned by his father, Mr. Michael Blumenthal. TQ Knits, Inc., designs, manufactures and sells uniform sweaters to schools, law enforcement and military in Canada and the United States. The business has been verified by the U.S. Attorney's Office and Pretrial Services. Mr. Blumenthal is presently working full time for TQ Knits, Inc., while residing in Las Vegas. However, the bulk of the clients and contacts for the business are located in the east coast of Canada and the United States. If allowed to relocate to New Jersey or Florida, Mr. Blumenthal would also be able to more fully perform his work duties in that he has very few customers and potential customers on the west coast. On the east coast, there are significantly more customers that he would be able to contact to conduct business. Accordingly, a relocation of his pre-trial release to New Jersey or Florida would also benefit Mr. Blumenthal's ability to work and support his family.

In addition, allowing Mr. Blumenthal to relocate to New Jersey or Florida would save him from spending limited financial resources on living expenses to reside in Las Vegas such as halfway house fees, office rent (it is not possible for Mr. Blumenthal to work on a computer with internet access in the halfway house, which is required for Mr. Blumenthal's work), food, phone and other expenses. If he were permitted to reside in Florida or New Jersey, he would not have to pay the halfway house, office rental fees and his food costs would be reduced in that he would be staying with family and would be able to work from the residence.

Andrew M. Leavitt
Attorney at Law
633 South Seventh Street
Las Vegas, Nevada 89101
Tel.: (702) 382-2800
Fax: (702) 382-7438

7

Accordingly, allowing Mr. Blumenthal to transfer his pre-trial residence would allow him to save money and better support his wife and two small children.

Mr. Blumenthal has absolutely no prior record and has never been arrested prior to this case. He was raised in a very tight knit, predominantly Jewish Montreal Suburb called Cote Saint-Luc and has established relationships which have stayed with him his entire life. Mr. Blumenthal's original motion for pre-trial release had 14 letters attached from immediate and extended family, business associates, friends and his Rabbi, who all attested to Mr. Blumenthal's good character, his love for his children, his family ties, his community ties and the absolute shock of everyone that Mr. Blumenthal was indicted in this case. All of these individuals voluntarily sent letters with a simple phone call and it is readily obvious from the strong support expressed that Mr. Blumenthal is not a criminal, is not a flight risk, takes care of his family and his two children, is a person of excellent character and devoted family man.

Following high school, Michael attended Cegep (the Quebec equivalent of a two year junior college) and graduated from Dawson College. Even in adulthood, Michael remains extremely close with his mother and father. His mother speaks to him on a daily basis and he works for his father's company, who he also speaks to daily.

Mr. Blumenthal has never missed a court appearance, has never been arrested in his life, has a very close knit family, is married with two children and has been working full time with his father. All of the above conditions with a combination of a $60,000.00 cash bond posted from his father and uncle, GPS Monitoring System, Pretrial Services supervision and his exemplary conduct on house arrest while living in a half-way house for the past two and one-half months

Andrew M. Leavitt
ATTORNEY AT LAW
633 South Seventh Street
Las Vegas, Nevada 89101
Tel.: (702) 382-2800
Fax: (702) 382-7438

8

demonstrate that Mr. Blumenthal is not a flight risk. Therefore, it is appropriate for this Court to allow Mr. Blumenthal to transfer his pre-trial release to New Jersey or Florida.

## LEGAL ARGUMENT

The Bail Reform Act requires the Government to demonstrate that there are no conditions or combination of conditions that will reasonably assure the appearance of the Defendant and the safety of the community. See 18 U.S.C. § 3142 (2); United States v. Motamedi, 767 F.2d 1403, 1407 (9th Cir. 1985). To prove this, the government must demonstrate that even through there are stringent conditions that may be imposed, there still is "clear and convincing evidence" to believe that Mr. Blumenthal presents a risk of danger and a preponderance of evidence to indicate that he presents a continued risk of flight. See United States v. Hir, 517 F.3d 1081, 1985 (9th Cir. 2008).

As they pertain to a Defendant's risk of non-appearance, conditions of release need "not guarantee" flight, as very few, if any, conditions could "absolutely" guarantee such things. Rather, the pre-trial release conditions should provide an "objectively reasonable" assurance of appearance and safety after taking into account all the relevant factors surrounding the Defendant. See United States v. Obrien, 895 F.2d 810 (1st Cir. 1990).

In briefing and at the detention hearings, the Government adamantly opposed Mr. Blumenthal's pretrial release in any manner and contended that he should remain in custody pending trial because, if released, he would flee to Canada where it would be extremely difficult, if not almost impossible, to secure Mr. Blumenthal's return to the United States. Mr. Blumenthal has not fled. He has

9

been a model pretrial Defendant in full compliance for the two and one-half months since he was released from custody.

Mr. Blumenthal has every reason to return for his court dates; maintain his interpersonal relationships and refrain from cutting all ties to those dear to him (his children, wife and parents) by becoming a federal fugitive should this Court allow him to transfer his pre-trial release to New Jersey or Florida. Mr. Blumenthal has other compelling reasons to participate in these proceedings such as the $60,000.00 pledged by his father and uncle of their own personal funds to assure that Mr. Blumenthal appears in court.

There is absolutely nothing about this particular case, Mr. Blumenthal's particular circumstances, to demonstrate by "clear and convincing evidence", that Mr. Blumenthal presents a risk of danger nor is there a "preponderance of evidence' to indicate that he is a risk of flight or will not appear in court if allowed to relocate to New Jersey or Florida. Mr. Blumenthal has no family in Las Vegas and has not seen his two young children in over four months. His wife and children reside in a suburb of the City of Montreal, Quebec, Canada. Mr. Blumenthal and his wife do not possess the financial resources for his wife and two small children to fly to Las Vegas and to stay in a hotel in Las Vegas to allow for Mr. Blumenthal to see his family. Again, Mr. Blumenthal has no prior record and has never missed a court appearance. He has been successfully residing in Las Vegas out of custody for two and one-half months. He works full time and is 100 % complaint with all pretrial release terms and conditions. Mr. Blumenthal will demonstrate the same perfect compliance if allowed to transfer his pretrial residence to New Jersey or Florida.

//

//

ANDREW M. LEAVITT
ATTORNEY AT LAW
633 South Seventh Street
Las Vegas, Nevada 89101
Tel.: (702) 382-2800
Fax: (702) 382-7438

10

## CONCLUSION

Michael Blumenthal has been released from custody for two and one-half months living in Las Vegas in a halfway house, on GPS monitoring and subject to house arrest. In this time, he has established and proven that he is not a flight risk and will fully participate in these legal proceedings. Mr. Blumenthal is also a father of a four and one-half year old son and a two and one-half year old daughter, both of whom he has not seen in over four months. Mr. Blumenthal has also not seen his wife except briefly, from afar, in court on July 15, 2014 while he was in custody. Mr. Blumenthal's work and ability to earn a living would also benefit by his transfer of his pre-trial release to New Jersey or Florida.

Accordingly, it is respectfully requested that this court grant and order allowing Mr. Blumenthal to transfer his pre-trial release to Bloomfield, New Jersey to reside with his uncle and aunt. If the court does not allow a transfer to New Jersey, it is respectfully requested that the court allow him to transfer to Deerfield Beach, Florida to live in his Mother's condominium.

DATED this 28th day of October, 2014.

Law Office of
ANDREW M. LEAVITT, ESQ.


/s/ Andrew M. Leavitt
/s/ Robert F. Purdy
_____
ANDREW M. LEAVITT, ESQ.
Nevada Bar # 3989
ROBERT F. PURDY, ESQ.
Nevada Bar # 6097
633 South Seventh Street
Las Vegas, Nevada 89101

ANDREW M. LEAVITT
ATTORNEY AT LAW
633 South Seventh Street
Las Vegas, Nevada 89101
Tel.: (702) 382-2800
Fax: (702) 382-7438

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the Law Office of Andrew M. Leavitt, Esq., and that on the 28th day of October, 2014, I did send via electronic filing, the foregoing **MOTION REQUESTING PERMISSION FOR DEFENDANT TO TRANSFER PRE-TRIAL RELEASE TO NEW JERSEY OR FLORIDA** to:

>Sarah E. Griswold, Esq.
>U.S. Attorney's Office
>333 Las Vegas Blvd So
>Suite 5000
>Las Vegas, NV 89101
>702-388-6336
>702-388-6418 (fax)
>sarah.griswold@usdoj.gov

/s/ Robert F. Purdy

Robert F. Purdy, Esq.
Law Office of Andrew M. Leavitt, Esq.

Andrew M. Leavitt
ATTORNEY AT LAW
633 South Seventh Street
Las Vegas, Nevada 89101
Tel.: (702) 382-2800
Fax: (702) 382-7438

12